**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01849-PAB-KMT

Eva Pepaj, Brooke Taylor a/k/a Brooke Johnson, Jessica Golden a/k/a Jessie Golden, Rachel Bernstein a/k/a Rachel Koren, Tiffany Toth Gray a/k/a Tiffany Toth, Lina Posada, and Marketa Kazdova,
Plaintiffs,

v.

BPB, LLC d/b/a The Mansion; GLDT, LLC d/b/a Gasoline Alley; WSB, LLC d/b/a Blondies, and DOES 1-10
Defendants.

---

**MOTION TO DISMISS ALL CLAIMS FOR FAILING TO STATE A CLAIM**

---

1. The Complaint is subject to dismissal pursuant to Rule 12(b)(6) because, on its face, the advertisements that allegedly appropriate the likenesses of the Plaintiffs because the images of the Plaintiffs in the advertisements is not readily identifiable and the advertisements themselves show there is no false endorsement or false advertising.

*Legal Standard*

2. For purposes of Rule 12(b)(6) motion the Court must "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F. 3d 1188, 1191 (10th Cir. 2012).

3. In ruling on a Rule 12(b)(6) motion the Court must "look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F. 3d 1272, 1275 (10th Cir. 2001).

4. A Lanham Act false advertising claim requires proof "that or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . . ." 15 U.S.C. §1125(a)(1)(B).

5. A Lanham Act false endorsement claim requires proof "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . ." 15 U.S.C. §1125(a)(1)(A).

6. The elements of a Colorado State claim for misappropriation of likeness are "(1) the defendant used the plaintiff's name or likeness; (2) the use of the plaintiff's name or likeness was for the defendant's own purposes or benefit, commercially or otherwise; (3) the plaintiff suffered damages; and (4) the defendant caused the damages incurred." Joe Dickerson & Associates, LLC v. Dittmar, 34 P. 3d 995, 1002 (Colo. 2001).

7. The elements of a Colorado State claim for negligence are the familiar duty, breach, causation, and damages test.

8. Regardless of the tests, each claim requires the Plaintiffs to be reasonably identifiable. While that term is taken from the common law test, the Lanham Act claims require "unauthorized imitation of their distinctive attributes" and if the Plaintiffs are not reasonably identifiable it follows that their distinctive attributes are not imitated. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093,

1102 (9th Cir. 1992) ("The defendants' technical argument that distinctiveness is a separate concept from identifiability, while supported by their experts' testimony, has no basis in law.")

9. For the Federal claims, each claim requires a "misleading description of fact, or false or misleading representation of fact."

*The Plaintiffs are Not Readily Identifiable in the Advertisements*

10. The advertisements at issue depict the Plaintiffs, but simply depicting their image does not automatically render the images as depicting their likeness. The person still must be readily identifiable to depict their likeness. The publicity right protects "the very identity or persona of the plaintiff as a human being," not the particular photograph of the plaintiff. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir.2001).

11. "To establish liability, plaintiff need prove no more than that he or she is reasonably identifiable in defendant's use to more than a de minimus number of persons." J. Thomas McCarthy, 1 The Rights of Publicity & Privacy § 3.4[A] (1998).

12. The advertisements at issue may contain photographs of the Plaintiffs but they do not otherwise identify them by name. There are no facts pleaded that indicate that more than "a de minimus number of persons" could identify who these Plaintiffs actually are based on these advertisements.

13. The best that the Complaint does is identify the Plaintiffs as models and actresses who are known widely, but the Complaint does not allege any facts that show that a person viewing the specific advertisements would be able to identify the persona of the Plaintiff depicted. That is to say, there is no evidence that any member of the public has looked at this advertisement and thought, for example, "That's Eva Pepaj!"

14. Just because the Plaintiffs are models who sell their image to others does not mean every image of them reasonably identifies their persona or mark. The allegations must contain some factual basis for establishing that "more than a de minimus number of persons" could identify the persona or mark as one of the Plaintiffs beyond the speculative assertion that they are celebrities and any image of them is identifiable *per se*. The Plaintiffs' business causes their images to be spread far and wide in a generic manner as attractive women and the advertisements use those images in that generic way.

15. This is especially true given that the advertisements do not indicate the name of the those who are depicted. The Court can look at the advertisements and see that nothing in the context of the advertisement shows specific identifiability of these personas beyond that they are generic attractive women.

16. Additionally, there is no distinctive attribute that makes these images identifiable as these specific Plaintiffs pleaded except for the fact that they are models. *See Waits*, at 1102 ("The court thus invited members of the jury to use their common sense in determining **whether Waits has a distinctive enough voice to warrant protection**, and to consider as well what the experts had to say.") (emphasis placed). The only distinctive attribute pleaded is that the Plaintiffs are models and actresses and that is not good enough to show identifiability.

18. The Complaint and its attachments do not show that the Plaintiffs are entitled to relief because the attachments show advertisements that may depict the Plaintiffs but the Complaint does not show on its face that the Plaintiffs are reasonably identifiable in those advertisements because there are no facts pleaded that would indicate "more than a de minimus number of persons" would identify the Plaintiffs. This renders the allegations of identifiability conclusory and they are not

entitled to the presumption of truth. Because identifiability is required for all claims, every claim in this suit must be dismissed.

*There is No Claim for False Endorsement or False Advertising Based on the Advertisements Themselves*

19. The gravamen of the Complaint is that the Defendants used the Plaintiffs' likenesses and that created a false perception that they endorsed or promoted the Defendants' businesses.

20. The Court can simply look at the advertisements and see there is nothing on them that indicates the specific individual Plaintiffs endorsed or promoted the Defendants' businesses. Again, the only thing these advertisements show is a generic attractive woman. They say nowhere that, for example, "Eva Pepaj Will Be at Gasoline Alley" or "Eva Pepaj Says Gasoline Alley is Great." They are just generic images of attractive women.

21. The Lanham Act requires a falsity or a misrepresentation, and the Plaintiffs say that there is a misrepresentation because people could be confused to believe that the Plaintiffs endorse or promoted the Defendant's business.

22. But, just because the Plaintiffs will show up at clubs or endorse them for money does not mean this is a generally known fact that would lead to the conclusion by a member of the public that the Defendants sought and garnered an endorsement just because their image was on an advertisement. There is no evidence of consumer deception and such required when there is no evidence of falsity on its face. *See Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed.Appx. 978, 982 (10th Cir. 2004). Nowhere in any advertisement is there any language that is false or any implication that these Plaintiffs endorse or promote the Defendants' business.

23. Plaintiffs do not plead any facts that their depiction in the advertisements actually caused consumer confusion regarding their endorsement or advertising on behalf of the Defendants' businesses. As such, their allegations of deception are merely conclusory and not entitled to the presumption of truth.

24. Without deception, there is no Lanham Act claim possible and those claims must be dismissed.

**WHEREFORE,** the Defendants pray that this honorable Court dismiss all claims made by the Plaintiffs for failing to state a claim for relief.

Dated this 15th Day of October, 2021.

*s/ Joseph A. O'Keefe, Esq.*
Joseph A. O'Keefe, Esq.
Independent Of Counsel to
SANDERS LAW FIRM
31 N. Tejon Street, Ste. 400
Colorado Springs, CO 80903
Phone Number: (719) 630-1556
Fax Number: (719) 630-7004
E-mail: Joe@psokventurellc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Joseph A O'Keefe*
Joseph A. O'Keefe, Esq.