**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Eva Pepaj, et al
Plaintiffs,

v.

BPB, LLC d/b/a The Mansion, et al
Defendants

Civ. No: 1:21-cv-1849-KMT

---

**REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS ALL CLAIMS**

---

Defendant GLDT, LLC filed the motion to dismiss, and then Defendants BPB, LLC and WSB, LLC joined. Plaintiffs filed a Response Brief, and this Reply is made on behalf of all of the Defendants.

1. Plaintiffs' response rests upon the false notion that its "Complaint contains sufficient facts to allow Defendant to intelligibly answer." That is not the Plaintiffs' problem with the Complaint, its problem is that, despite all of the ink spilt in the Complaint, it still does not rise to the level of plausibility because of fatal factual omissions.

2. Plaintiffs' Complaint itself shows that they are not entitled to relief because: (1) there are no facts pleaded that indicate that more than "a de minimus number of persons" could identify who these Plaintiffs are in the Facebook posts, (2) there are no facts pleaded that show consumer deception and such required when there is no evidence of falsity on its face, and (3) there are no facts pleaded that show damages. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1102 (9th Cir. 1992), *see also Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed.Appx. 978, 982 (10th Cir. 2004); *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 525 (10th Cir. 1987).

3. Repeatedly, the Plaintiffs make claims about how recognizable and well-known they are but do not introduce any facts that this would show that they are recognizable to any consumers. Just because they say their business "revolves around their identity and recognizability" does not mean anyone beyond a few people in the modeling industry actually recognizes them for who they are beyond being a generic attractive woman. The complaint totally fails because it fails to plead any facts related to distinctive attributes that makes these images identifiable as these specific Plaintiffs to a consumer, not an industry insider. *See Waits*, at 1102. Every single claim they bring fails if they cannot plead distinctive attributes that make them any more recognizable or identifiable than a generic attractive woman to a consumer.

4. As to risk of consumer confusion, the Plaintiffs merely say that (1) the images are the Plaintiffs, (2) it was posted on social media so it shows intent, (3) there is risk of consumer confusion because they are famous, (4) there must be confusion because the Plaintiffs never worked for these bars, (5) Lanham Act is strict liability, and (6) the Plaintiffs were in poses consistent with the text of the advertisement so it causes consumer confusion, so there is a likelihood that consumer could be confused as to their association with the night clubs.

5. As to the first point, Plaintiffs are correct, the images on the Facebook posts are the Plaintiffs.

6. As to the second point, they were posted on social media but how that goes to showing the intent of the Defendants is unknown. There is no basis for arguing that a picture posted on social media shows that the Defendants intended to confuse or mislead consumers as to the Plaintiffs' affiliation with the Defendants.

7. As to the third point, this is why only statements of fact are given the presumption of truth and not the conclusory allegations that litter this Complaint. Plaintiffs argue that they are celebrities (but that does not matter because that is not an element) and so there is risk of consumer confusion whenever their image is used. That is plainly a conclusory allegation not entitled to the presumption of the truth. There are no facts pleaded (whether it is the consensus of a focus group that these posts lead them to believe Eva Pepaj would be at Gasoline Alley or a person on the street who can recognize the person in the image as Eva Pepaj) that show any consumer would be confused by these Facebook posts. Just because one is “recognizable in their industry” does not mean that the actual Facebook posts would confuse a consumer who is looking to go out for a drink on St. Patrick’s Day that any of these Defendants would actually be there.

8. As to the fourth point, the Plaintiffs argue that the presence of a nightclub logo alongside their image means there is a likelihood consumers would be confused about their affiliation, endorsement, or association with the nightclub. Again, we are faced with a conclusory allegation not entitled to the presumption of the truth because there are no facts pleaded that show a picture plus logo would mean confusion to a consumer that the person in the picture is affiliated with the logo, just an assumption that they would.

9. As to the fifth point, whether or not the Lanham Act is strict liability has little to do with the facts pleaded, which are that the Defendants operated nightclubs, the Defendants made Facebook posts containing the images of the Plaintiffs, and the Defendants did so without permission of the Plaintiffs. The Plaintiffs have pleaded no facts with regard to the care that purchasers exercise when choosing the nightclub experience so this factor does not apply.

10. As to the sixth point, how does one pose consistent with text? The text of the Facebook posts refers to events at the nightclubs and the pictures of the Plaintiffs are in costumes. There is no reference to the Plaintiffs being at the night clubs, no reference to them dancing at the nightclubs, and no reference to them being associated at all with the night clubs. Again, we are dealing with conclusory allegations that there is a likelihood of consumer confusion based on the fact their picture was posted on Facebook in connection with advertising for events at a nightclub.

11. As for damages, given that the Plaintiffs have not plausibly pleaded likelihood of consumer confusion, it further shows they have not pleaded damages because, as they will admit, "they must show that they have been damaged by actual consumer confusion or deception resulting from Defendant's conduct." Proof of actual consumer confusion is the law in the Tenth Circuit and there are no allegations of actual consumer confusion beyond the conclusory allegations discussed that are not entitled to the presumption of truth. *See Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 525 (10th Cir. 1987). So even if the complaint survives for pleading a likelihood of consumer confusion, it fails because it does not plead any actual consumer confusion beyond conclusory allegations that such happened.

12. Beyond all that, the complaint still does not plausibly plead that the Defendants made any false or misleading statements of fact and the Lanham Act does not apply. The Court can simply look at the advertisements and see there is nothing on their face that shows the specific individual Plaintiffs endorsed or promoted the Defendants' businesses. There is no evidence of consumer deception and such required when there is no evidence of falsity on its face. *See Zoller Labs., LLC v. NBTY, Inc.*, 111 Fed.Appx. 978, 982 (10th Cir. 2004). Nowhere in

any advertisement is there any language that is false or any implication that these Plaintiffs endorse or promote the Defendants' business.

WHEREFORE, the Defendants pray that this honorable Court dismiss all claims made by the Plaintiffs for failing to state a claim for relief.

Dated this 10th Day of November, 2021.

KUTAK ROCK LLP

*s/ Maggie L. Ebert*

Maggie L. Ebert, Esq.
Todd C. Kinney, Esq.
1650 Farnam Street
Omaha, NE 68102
Phone: (402) 231-8943
E-mail: maggie.ebert@kutakrock.com
todd.kinney@kutakrock.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2021, a true and correct copy of the foregoing was filed and served electronically via CM/ECF on all counsel of record.

*s/ Maggie L. Ebert*
Maggie L. Ebert, Esq.